UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION <br> _____ <br> This Document Relates to: <br><br> Steven Lies-Blanchard, 1:16-cv-03401 <br> Wanda Allen, 1:19-cv-01325 <br> _____ | 1:14-ml-02570-RLY-TAB <br> MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTIONS FOR JUDGMENT IN PLAINTIFFS' CASES PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS, separately move for judgment on the pleadings in Plaintiff Steven Lies-Blanchard's case and in Plaintiff Wanda Allen's case.[1] The court, having read and reviewed the parties' submissions and the applicable law, finds North Carolina's six-year statute of repose for product liability actions bars Plaintiffs' claims. Accordingly, the Cook Defendants' motions for judgment are **GRANTED**.

**I.    Background**

---

[1] Plaintiffs are represented by the same counsel and present the same arguments in opposition to Cook's motions. Accordingly, the court addresses both motions in this Entry.

1

### A. Steven Lies-Blanchard

Plaintiff Steven Lies-Blanchard is a North Carolina resident who was implanted with a Cook Celect Vena Cava Filter on July 9, 2009, at Rex Healthcare by Dr. Mark Knelson in Raleigh, North Carolina. (Cause No. 1:16-cv-03401, Filing No. 23, Am. Short Form Compl. ¶¶ 10-13). He presented for operative removal of the filter on January 14, 2016. (Filing No. 21424, Case Categorization Medical Record at 7). The filter was removed; however, "two small fragments of broken filter struts . . . could not be removed" and have "incorporated into the cava wall." (*Id.*).

Lies-Blanchard filed the present action against Cook on December 16, 2016, alleging claims for strict products liability, negligence, breach of warranty, and consumer fraud. (Am. Short Form Compl. ¶ 14). He also seeks punitive damages. (*Id.*).

### B. Wanda Allen

Plaintiff Wanda Allen is a North Carolina resident who was implanted with a Cook Celect Vena Cava Filter on March 10, 2008, at Duke University Hospital by Dr. Benjamin Smith in Durham, North Carolina. (Cause No. 1:19-cv-01325, Filing No. 13, Am. Short Form Compl. ¶¶ 10-13). She presented for a CT scan on January 30, 2018, which showed that four prongs of the filter had perforated the cava wall, and "that one strut is fractured and extends into the right lateral aspect of the L4 vertebral body." (Filing No. 21427, Case Categorization Medical Record at 9).

Allen filed the present action against Cook on April 2, 2019, alleging claims for strict products liability, negligence, breach of warranty, and consumer fraud. (Am. Short Form Compl. ¶ 14). She also seeks punitive damages. (*Id.*).

2

**II.  Discussion**

Cook argues Plaintiffs' claims are barred by North Carolina's former six-year statute of repose for product liability actions. N.C. Gen. Stat. § 1-50(a)(6). Plaintiffs raise three arguments in response to Cook's motion. First, they argue their claims are timely under North Carolina's current twelve-year statute of repose for product liability actions. N.C. Gen. Stat. § 1-46.1(1). Second, they argue North Carolina's statute of repose does not apply to claims for latent diseases. Lastly, they argue Cook waived the statute of repose as a defense by expressly warrantying their Celect Filters are safe for permanent use. The court begins with Plaintiffs' first argument.

**A.    Plaintiffs' Claims are Governed by North Carolina's Six-Year Statute of Repose**

"All product liability claims, regardless of their nature, are subject to a statute of repose." *Lackey v. DePuy Orthopedics*, Case No. 5:10-cv-00030-RLV-DSC, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (citing *Nat'l Prop. Investors, VIII v. Shell Oil Co.*, 950 F.Supp. 710, 713 (E.D.N.C. 1996)). "A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886 (N.C. Ct. App. 2011) (citation omitted). "If the action is not brought within the specified period, the plaintiff literally has no cause of action. The harm that has been done is *damnum absque injuria*— a wrong for which the law affords no redress." *KB Aircraft Acquisition, LLC v. Berry*, 790 S.E.2d 559, 567 (N.C. Ct. App. 2016) (cleaned up); *see also Lackey*, 2011 WL 2791264, at *2 ("A statute of repose bars a right of action even before injury has

3

occurred, in instances when the injury occurs outside of the prescribed time period.") (citing *Bullock v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982)).

Prior to 2009, North Carolina's statute of repose provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6). On October 1, 2009, the North Carolina legislature repealed § 1-50(a)(6) and enacted a new, twelve-year statute of repose. N.C. Gen. Stat. § 1-46.1(1) (identical statutory text with repose period extended to 12 years). The new repose period applies only to "causes of action that accrue on or after" October 1, 2009. *Robinson*, 703 S.E.2d at 886. The revised statute does not have retroactive effect. *Id.* at 887.

Plaintiffs contend the North Carolina legislature extended the repose period for those product liability claims that were not barred by the six-year statute of repose as of October 1, 2009. Because their product liability claims were not barred by the six-year statute of repose as of October 1, 2009, and accrued *after* that date, they contend their causes of action fall under the twelve-year statute of repose and are therefore timely.

The plain language of North Carolina's statute of repose provides that the repose period begins to run on "the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1); *see also* N.C. Gen. Stat. § 1-50(a)(6) (repealed 2009). As observed by a North Carolina federal district court, "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer v. Ethicon,*

4

*Inc.*, Case No. 1:20-cv-95-MOC-WCM, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021); *see also Bond v. Johnson & Johnson*, No. 21-05327 (FLW) & No. 21-05333 (FLW), 2021 WL 6050178, at *13 (D.N.J. Dec. 21, 2021) (applying North Carolina's six-year statute of repose in hernia mesh case because it was in effect at the time of the implantation surgery); *Lackey*, 2011 WL 2791264, at *2 (applying six-year statute of repose in hip prosthetic case because it "was in effect at the time Plaintiff purchased the allegedly defective product"). As Plaintiffs received their Celect filters before October 1, 2009, the operative statutory period of repose is six years.

      **B.     The Latent Disease Exception Does Not Apply**

Next, Plaintiffs argue their injuries, both of which involve fractured struts, are analogous to a "latent disease," and therefore the North Carolina statute of repose does not apply to their claims. The latent disease exception is "limited to diseases that 'develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents,' [and] where it 'is impossible to identify any particular exposure as the first injury.'" *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (quoting *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986)). An apt example is asbestosis. *Wilder v. Amatex Corp.*, 336 S.E.2d 66, 73 (N.C. 1985) (holding North Carolina's prior 10-year statute of repose did not apply to plaintiff's personal injury claim related to the disease of asbestosis).

Plaintiffs do not allege they suffer from a "disease" that developed unnoticed over a long period of time following multiple exposures to toxic agents. Instead, their claims

5

arise from complications which arose from a single medical device that was implanted in their bodies. The rationale for the latent disease exception does not apply. *In re Mentor Corp.*, 2016 WL 873854, at *2 ("[P]laintiff's claim is not a claim arising from disease that developed over many years after multiple exposures to a toxic substance; it is a claim arising from complications she contends were caused by a medical device that was implanted in h[is] body.").

**C.     Cook Did Not Waive the Statute of Repose**

In *Christie v. Hartley Construction, Inc.*, the North Carolina Supreme Court held that a seller may bargain away the protection of the statute of repose by extending a full warranty to the buyer that exceeds the repose period. 766 S.E.2d 283, 288 (N.C. 2014). Relying on *Christie*, Plaintiffs argue Cook waived the statute of repose as a defense by expressly warranting that the Celect IVC filter is "safe for permanent use, including by stating in marketing materials that (i) patients can 'leave it or retrieve it, (ii) it 'functions well as both a permanent vena cava filter and as a permanent device,' and (iii) 'Celect is capable of retrieval, but is just as safe staying in place.'" (Lies-Blanchard Am. Short Form Compl., warranty allegations, ¶ 13; Allen Am. Short Form Compl., warranty allegations, ¶ 13).

In an Entry dated March 19, 2024, the court held Plaintiffs' warranty allegations are insufficient to create an express lifetime warranty. (*See* Filing No. 25387, Entry on the Cook Defendants' Motion for Judgment on the Pleadings on Express Warranty Claims at 10–11 & n.4). The court therefore finds Cook did not waive the statute of repose.

### III.   Conclusion

Because Plaintiffs did not file suit until more than six years after "the date of initial purchase for use or consumption," N.C. Gen. Stat. §1-50(6), their product liability actions are barred by North Carolina's statute of repose.  The Cook Defendants' Motions for Judgment (Filing No. 21068 (Lies-Blanchard), Filing No. 21083 (Allen)) are therefore **GRANTED**.  Plaintiffs' strict products liability, negligence, breach of express and implied warranty, and consumer fraud claims are **DISMISSED with prejudice**.  Final judgment shall issue forthwith.

**SO ORDERED** this 16th day of August 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.